UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO MUNOZ-PEREZ,<br><br>        Petitioner,<br><br>   v.<br><br>BOARD OF IMMIGRATION APPEALS,<br><br>        Respondent. | 1:11-cv-02013-JLT HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION (Doc. 1)<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE TO CASE |

      Petitioner is detained by the United States Bureau of Immigration and Customs Enforcement ("ICE") and is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

      Petitioner is a native of Mexico who has been living in the United States as a legal permanent resident since at least 1993. (Doc. 1). On July 28, 2009, Petitioner was convicted in the Superior Court of Monterrey County of petty theft with priors, and on July 29, 2008, of theft. (Doc. 1, p. 1). Subsequently, removal procedures were instituted against him, an order of removal was issued by the Immigration Court, and Petitioner sought a "section 212(h)" waiver of inadmissibility to avoid removal. On June 24, 2011, the Immigration Court denied Petitioner's request for a waiver, and on November 20, 2011, the Board of Immigration Appeals upheld that determination. (Doc. 1, pp. 10; 22). The instant petition seeks judicial review of the Board of Immigration Appeals November 10,

2011 decision as well as an order vacating Petitioner's removal proceedings and suspension of his removal from the United States. (Doc. 1). For the reasons set forth below, this Court lacks jurisdiction to consider these issues.

**DISCUSSION**

On May 11, 2005, the President signed into law the "Emergency Supplemental Appropriations Act for Defense, The Global War on Terror, and Tsunami Relief, 2005." Division B of the Act is titled "REAL ID Act of 2005." Section 106 of the Act amended Section 242 of the Immigration and Nationality Act (8 U.S.C. § 1252) so as to render a petition for review to the courts of appeal the sole and exclusive means of review of an administrative order of removal, deportation, or exclusion. Section 1252(a)(5) (emphasis added) provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, <u>a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter</u>, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

In this case, Petitioner challenges his detention pursuant to the final order of removal, which under the statute is outside of this Court's jurisdiction. Therefore, the instant petition should be dismissed. <u>Puri v. Gonzales</u>, 464 F.3d 1038, 1041 (9th Cir.2006); <u>Medellin-Reyes v. Gonzales</u>, 435 F.3d 721, 723-24 (7th Cir.2006) ("Collateral proceedings filed on or after May 11, [2005], however, will be dismissed outright; the window for belated judicial review has closed.").[1]

**ORDER**

For the foregoing reasons, the Court DIRECTS the Clerk of the Court to assign this case to a United States District Court judge.

---

[1] The Court recognizes that this conclusion may be confusing for Petitioner because he originally sought relief from the very court that has jurisdiction over these matters, i.e., the Ninth Circuit, which sent him a form letter inexplicably indicating that he must first file his case in a federal district court. (Doc. 1, p. 12). Clearly, the clerk issuing the form letter did not fully comprehend Petitioner's situation nor the issues he wished to address. In any event, the law is clear that this Court lacks jurisdiction and Petitioner can *only* challenge the denial of a waiver and the final order of removal in the Ninth Circuit.

**RECOMMENDATIONS**

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **December 14, 2011**　　　　　　　　　　　　/s/ Jennifer L. Thurston
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE